UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

Plaintiff,

v.

JOHN DOE,

Defendant.

______________________________/

Case No. 14-14317

SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE [6] AND TO SHOW CAUSE**

On November 18, 2014, the Court entered an Order Partially Granting Plaintiff's Motion for Leave to File Third-Party Subpoena Prior to Rule 26(f) Conference [5]. The Court granted Plaintiff permission to "serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure on John Doe, IP Address 98.209.105.239, through his or her ISP, Comcast Cable, to obtain the name, address, and Media Access Control address for John Doe." The Court ordered Comcast to "reasonably attempt to identify John Doe" and to "produce the information sought to the Court, not the Plaintiff, ex parte and under seal." In the

event Comcast was "unable to determine, to a reasonable degree of technical certainty, the identity of the user of the particular IP address," the Court directed it to "so notify the Court and Plaintiff's counsel."

Comcast subsequently sent the Court a written response to its Order [5]. The response stated that "Comcast does not have sufficient information to identify this doe defendant."

On March 11, 2015, Plaintiff filed a Motion to Extend Time for Service [6]. Plaintiff states that it expected to receive a response from Comcast on January 5, 2015, but that it has never received a response despite repeated efforts to "follow up" with Comcast. Plaintiff also states that "Defendant's true identity is known by their Internet service provider ("ISP")." This suggests that despite the Court's directions in its Order [5], Comcast did not notify Plaintiff's counsel of its inability to determine the identity of the IP address's user. Plaintiff asks the Court to extend the time for service at least forty-five days, or until April 24, 2015.

Federal Rule of Civil Procedure Rule 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Courts also have discretion to extend the time for service under Rule 4(m) even without a finding of good cause. *See, e.g.*, *Elec. Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, No. 10-CV-11815, 2010 WL 4683883, at *2 (E.D. Mich. Nov. 10, 2010).

The Court need not decide if Plaintiff has shown good cause, since the circumstances warrant an exercise of the Court's discretion to extend the time for service. However, within the extended time for service, Plaintiff must still abide by the restrictions imposed by the Court in its prior Order [5]. If Defendant has not been served by the end of the extended time for service, the Court will consider dismissing this action without prejudice pursuant to Rule 4(m). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Extend Time for Service [6] is **GRANTED**. Service on Defendant will be considered timely if effected by April 24, 2015.

**IT IS FURTHER ORDERED** that if Plaintiff has not served Defendant by April 24, 2015, Plaintiff may submit a written response to the Court by May 1, 2015, showing cause why the Court should not dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure Rule 4(m).

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 11, 2015